UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV 16 2010
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CR00328 ERW (TCM) |
| LOUIS EDWARD COOKE, | ) |
| Defendant. | ) |

*Denied 11/16/10* [handwritten]

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE GOVERNMENT'S CASE

In support of this motion, defendant states to the Court that the facts herein constitute a classic case of entrapment.

The instruction on entrapment, which has been revised to conform with Jacobson v. United States, 503 U.S. 540 (1992) and adopted by the Eighth Circuit [United States v. Loftus, 992 F.2d 793 (1993)] states in part:

> If the defendant before contact with FBI agents and police officers did not have any intent or disposition to commit the crime charged and was induced or persuaded by the agents and officers to commit that crime, then he was entrapped.

Jacobson, *infra*, states further that the government must prove that the defendant was disposed to commit the criminal act prior to first being approached by government agents. If the defendant was entrapped, he must be found not guilty.

It is clear from the evidence that defendant Cooke logged on to a website (Backpages.com) in search of adult female companionship. He had done so in the past, was familiar with the website and, in fact, on this occasion did respond to a posting for

1

what he believed to be an adult female. Actually, he had responded to three other ads at the same time but got no response.

Backpages.com is a website on the internet that posts ads for adult female companionship and is well known to those who utilize its services. The site has very specific policies and rules for users, among them, the following strict prohibitions:

> •Posting adult content or explicitly adult material unless you are at least 18 years of age or older and not considered to be a minor in your state or residence.

•Posting any material on the site that exploits minors in any way.

It was the FBI that clearly violated the website's policy and clearly engaged in deceit by then attempting to ensnare respondents into a violation of Section 1591(a)(1). In effect, they themselves violated the published rule of the site, to which they had previously agreed. Mr. Cooke did not violate those rules.

Mr. Cooke entered the scenario without any intention of exploiting a minor. It is clear from his past history, as well as his initial actions on this occasion that his sole intent was to find adult female companionship. With the exception of an incident more than one year before this occurrence (two e-mails to a purported 16 year old) he had never indicated any such predisposition. Nor was this a predisposition when taking into account that the 16 year old's address included 1989, i.e. the presumptive year of her birth, which would have made her an adult. On that previous occasion, he made no attempt to locate, visit or telephone the purported 16 year old, and his activity ceased with the two e-mails.

There are certain characteristics that are frequently present when a person is intending to sexually exploit minors. Those are not present here. The FBI examined Mr.

Cooke's cell phone, computer and laptop and found no child pornography or improper chatting.

A search of Mr. Cooke's person and vehicle subsequent to his arrest produced no condoms, sexual paraphernalia, pornography or child pornography. Such items are often associated with predators.

Patronizing prostitution is a violation of Section 567.030 of the Missouri Revised Statutes which is a Class B Misdemeanor. It is not surprising or unusual that defendant would inquire "are you law enforcement". He knew he was violating a state law.

The Eighth Circuit in <u>United States of America v. Dwight Dion, Sr.</u> (762 F.2d 674, 1985) set out a variety of factors to guide the courts in determining predisposition, including the following considerations:

1. ***Whether the defendant readily responded to the inducement offer.*** *United States v. Hunt, 749 F.2d 1078, 1085 (4th Cir. 1984)*

> In the present case, defendant Cooke responded to a Backpages.com posting for adult female companionship which was in fact the inducement offered. He did not, nor did he have any intention of responding to any inducement regarding underage girls.

2. ***The circumstances surrounding the illegal conduct.***

> There are no extraordinary circumstances surrounding defendant Cooke's conduct in that he responded to the Backpages.com ad for adult companionship, which he had done in the past. In fact, it was the government's plan to "bait and switch" any responders who had no intention of becoming involved with underage females.

3. ***The state of mind of a defendant before government agents made any suggestion that he shall commit a crime.*** *United States v. Williams, 705 F.2d 603, 618 (2d Cir.*

> It is clear that defendant was responding to a posting for adult female companionship and had no intent to become involved with underage females.

3

4. ***Whether the defendant was engaged in an existing course of conduct similar to the crime for which he is charged.*** *United States v. Viviano, 437 F.2d 295, 299 (2d Cir.)*

> With the exception of a brief e-mail exchange with a "16 year old" (no follow up) more than one year before the events herein, defendant has never been engaged in any course of conduct similar to what the charges allege here.

5. ***Whether the defendant had already formed a design to commit the crime for which he is charged.***

> Clearly defendant had no intent or design to commit the crime charged but only to solicit an adult female.

6. ***The defendant's reputation.*** *411 U.S. at 443, 93 S.Ct. at 1648)*

> While the defendant had solicited adult female companionship over the internet in the past, he had no reputation for being involved with underage females.

7. ***The conduct of the defendant during the negotiations with the undercover agent.*** *United States C. Costello, 483 F.2d 1366, 1368 (5th Cir. 1973)*

> It is clear from the evidence that the defendant Cooke continually expressed reluctance and was constantly being urged by the undercover agent to proceed. More specifically, defendant Cooke was influenced by the following:
>
> A. One undercover agent described himself as the "father-in-law" of the girl in question. While not conclusive, it could certainly be implied that the girl was over 18.
>
> B. Defendant spoke with the "girl" by telephone and was impressed that she sounded older than 18 years. In fact, she was an undercover FBI agent in her middle to late 20's.
>
> C. Defendant was furnished a photograph of the "girl" which is clearly ambiguous as to her age.
>
> D. Defendant was told by the undercover agent that the "girl" was experienced and knew what she was doing. Again, while not conclusive, there is the implication that she is not a minor.

4

E. At the time immediately prior to the arrest, defendant Cook said "I want to see her", clearly intending that he wanted to make a judgment as to her age.

8. ***Whether the defendant has refused to commit similar acts on other occasions.*** *Kadis v. United States, 373 F.2d 370, 374 (1st Cir. 1967*

Defendant has never committed similar acts on other occasions. A review of all of his internet traffic by the government indicates that with the exception of the brief e-mail exchange with the "16 year old" there is no evidence whatsoever of any such conduct on the part of the defendant.

9. ***The nature of the crime charged.*** *United States v. Jannotti, 673 F.2d at 604 (3d Cir. 1983)*

There is no past history attributable to this defendant.

10. ***The degree of coercion present in the instigation law officers have contributed to the transaction relative to the defendant's criminal background.*** *United States v. Townsend, 555 F.2d 152, 15 n.7 (7th Cir. 1977)*

The defendant has no significant criminal background (a state charge for property damage...which culminated in a suspended imposition of sentence in the state court).

While the coercion by law enforcement officers is clear from the evidence the Court has heard, it in fact far exceeds the bounds of any reasonableness, i.e., the desperate effort by law enforcement officers to cause defendant to come to the scene by the use of a ruse that the undercover agent was a construction worker and would be unable to get to work without help with his car troubles. Defendant did in fact bring to the scene a battery jumper to assist the "construction worker".

Defendant in good faith cannot represent to the Court that his sole purpose in proceeding to the house in question was to assist the construction worker with his automobile problems. Much can be concluded by the fact that Mr. Cooke continued to express reluctance throughout and was continually being goaded on by the undercover officer. Mr. Cooke admits that he became curious and was interested. However, it was

5

never his intention to sexually exploit a minor female and, in fact, was attempting to further confirm her age when he said "I want to see her".

Defendant Cooke argues that the application of several of these tests evidences his lack of predisposition. Cooke states to the Court that he had never solicited nor been involved with an underage female at any previous time (with the exception of the brief e-mail exchange with the "16 year old"), nor was that his intention on this occasion. Defendant logged on to Backpages.com, a site for adult companionship, and was "switched" by government agents who themselves violated the terms of Backpages.com policy. The burden is on the government to prove predisposition and intent beyond a reasonable doubt. Defendant's activity involving adult females is not probative of predisposition. That activity simply is not relevant to a charge of sexual exploitation of children and in fact is highly prejudicial. United States v. Harvey, 991 F2d 981 (CA 2 1993).

Defendant's compelling argument is simply this … *The entrapment defense is a bar to prosecution of "innocent" persons tempted into a violation of the law. There is no evidence that prior to the time when the law enforcement officers first approached Louis Cooke that he had any intent to commit the offense charged. Prior to the time of his first encounter with law enforcement officers, he was not predisposed to commit such an offense.*

The government has failed to prove beyond a reasonable doubt that Mr. Cooke was predisposed to commit the offense charged prior to his first contact with law enforcement officers.

## AS TO COUNT TWO

6

In support of defendant's motion for judgment of acquittal on **Count 2** of the indictment, the defendant incorporates and restates all of the arguments set forth as to Count 1 above.

Further, there is no evidence to support the conclusion that the defendant was intending to have sexual intercourse (as opposed to some other form of activity) with the "minor" female and, therefore, the allegations set out in Count 2 of the indictment have no basis in fact.. In fact, "GFE" has been defined as a wide range of activity. To conclude that statutory rape was the objective here falls far short of the beyond a reasonable doubt requirement.

**WHEREFORE**, defendant submits to the Court that a Motion for Judgment of acquittal on both counts of the indictment should be granted.

Respectfully submitted,

_____
ARTHUR S. MARGULIS #7883

_____
WILLIAM S. MARGULIS #3774
Margulis, Grant & Margulis, P.C.
11 South Meramec, Ste. 1330
St. Louis, MO 63105
(314) 721-6677 (314) 721-1710 FAX
**Attorneys for Defendant**