# INSTRUCTION NO. __/__

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.[/]

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

# INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

# INSTRUCTION NO. 5

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# INSTRUCTION NO. 6

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

# INSTRUCTION NO. 7

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

# INSTRUCTION NO. 8

You have heard evidence that the defendant previously committed a similar act to those charged in this case. You may use this evidence to decide whether the defendant carried out the acts involved in the crimes charged in the indictment. However, if you are convinced beyond a reasonable doubt, based on other evidence introduced, that the defendant did carry out the acts involved in the crimes charged in the indictment, then you may use this evidence to decide knowledge, intent, opportunity, and absence of mistake.

Remember, even if you find that the defendant may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed a similar act in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issue of knowledge, intent, opportunity, and absence of mistake.

# INSTRUCTION NO. 9

The indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the count of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

# INSTRUCTION NO. *10*

Under Count I, the indictment charges that the defendant committed the crime of

knowingly in and affecting interstate commerce, attempting to recruit and obtain a person,

knowing and in reckless disregard of the fact that such person had not obtained the age of 18

years, knowing such person would be caused to engage in a commercial sex act.

Under Count II, the indictment charges that the defendant committed the crime of using a

facility in interstate commerce to attempt to induce, persuade, entice or coerce any individual

who has not attained the age of 18 years, to engage in prostitution or any sexual activity for

which the defendant could be charged with a criminal offense.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not

evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the

defendant, even though charged, begins the trial with no evidence against him. The presumption

of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the

Government proves, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count

separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent.

# INSTRUCTION NO. _11_

It is a Federal Crime for anyone, in or affecting interstate commerce, to recruit, entice and obtain by any means a person, knowing          of the fact that the person had not attained the age of 18 years and will be caused to engage in a commercial sex act. Title 18, U.S.C. §1591(a).

It is a Federal Crime for anyone to attempt to violate Title 18, U.S.C. §1591(a) pursuant to §1594(a).

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

*One:* The defendant knowingly attempted to recruit, entice, and obtain, by any means a person;

*Two*: That the Defendant did so knowingly of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act;

*Three:* That the Defendant's acts were in or affecting interstate commerce; and

*Four:* That the Defendant voluntarily and intentionally carried out some act which was a substantial step towards the commission of that crime.

If all these elements have been proved beyond a reasonable doubt as to the defendant **LOUIS EDWARD COOKE**, then you must find the defendant **LOUIS EDWARD COOKE**, *guilty* of the crime charged in Count I; otherwise you must find the defendant, **LOUIS EDWARD COOKE**, *not guilty* of the crime under Count I.



The crime charged in Count I of the indictment is an attempt to "recruit, entice and obtain by any means a person under the age of 18 to engage in a commercial sex act." A person may be found guilty of an attempt if he intended to recruit, entice and obtain by any means a person under the age of 18 to engage in a commercial sex act and voluntarily and intentionally carried out some act which was a substantial step toward that commercial sex act.

# INSTRUCTION NO. 1 2

The crime of using any facility or means of interstate commerce to persuade, induce, entice, or coerce anyone under eighteen (18) years of age to engage in prostitution or any sexual activity for which a person can be charged with a criminal offense as charged in Count II of the indictment;

Has three elements, which are:

*One:* The defendant knowingly used an interstate facility to attempt to persuade, induce, entice or cause an individual under the age of eighteen (18) years to engage in prostitution or any sexual activity, in violation of the laws of the State of Missouri;

*Two:* The defendant believed that such individual was less than eighteen (18) years of age; and

*Three*: that if the sexual activity has occurred, the defendant could have been charged with an offense under the laws of the State of Missouri, to wit: statutory rape in the second degree in violation of V.A.M.S. 566.034.

It is not necessary for the Government to prove that the individual was actually induced, enticed or coerced an individual to engage in prostitution or statutory rape in the second degree, but it is necessary for the Government to prove that the defendant intended to engage in prostitution or statutory rape with the individual and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in prostitution or statutory rape in the second degree.

If all these elements have been proved beyond a reasonable doubt as to the defendant

**LOUIS EDWARD COOKE**, then you must find the defendant **LOUIS EDWARD COOKE**,

*guilty* of the crime charged in Count II; otherwise you must find the defendant **LOUIS**

**EDWARD COOKE**, *not guilty* of these crimes under Count II.

# INSTRUCTION NO. 13

"Commercial Sex Act" means any sex act, on account of which anything of value is to or

received by any person

## INSTRUCTION NO. 1 / 4

In determining whether the Defendant's conduct was "in or affecting interstate commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones or the internet.

# INSTRUCTION NO. $1\frac{4}{5}$

It is not necessary that for the Government to prove that the individual was in fact, less than 18 years of age, but it is necessary for the Government to prove that the defendant believed or that the individual was under that age.

# INSTRUCTION NO. 16

An actual "victim" is not required for an attempt conviction, the victim may, in fact be an undercover police officer.

# INSTRUCTION NO. 19

You may find that the defendant acted knowingly, if you find beyond a reasonable doubt that the defendant was aware that the "victim" was under the age of 18 years and that he deliberately avoided hearing the truth. The element of knowingly may be inferred if the defendant deliberately closed his eyes to what would otherwise by obvious.

# INSTRUCTION NO. *18*

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you have agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.