UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cause No.: S1-4:10CR00328ERW-TCM |
| ) | |
| vs. ) | |
| ) | |
| LOUIS EDWARD COOKE, ) | |
| ) | |
| Defendant. ) | |

### **DEFENDANT LOUIS E. COOKE'S SENTENCING MEMORANDUM**

COMES NOW Defendant Louis E. Cooke, by and through his attorney, Christopher E. McGraugh, and files the following Memorandum regarding Defendant's Sentence:

*Introduction*

Defendant Louis E. Cooke is a 29 year old man who presents himself before this Honorable Court for sentencing after trial, having been found guilty of Counts I and II of the Indictment in this case charging him with Attempted Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591 (a) (1) and Coercion and Enticement of a Minor to Commit a Sexual Act in violation of 18 U.S.C. § 2422 (b), respectively.

*Sentencing Guidelines*

The presentence report filed by Allison K. Redfern of the United States Probation Office calculates a total offense level of 34 and a criminal history category of II, giving Mr. Cooke a guideline imprisonment range of 168 to 210 months.[1]

---

[1] Defendant has filed an objection to the presentence report challenging the calculation of the total offense level. In particular, Defendant objects to the adjustment for obstruction of justice adding two levels and the calculation of Defendant's criminal history category at II as over-representing the seriousness of Defendant's criminal history background. Defendant calculates the offense level of 32 with a criminal history category of I to provide for a guideline imprisonment range of 121-151 months.

*Statutory Provision as Related to Sentencing*

For Count I, the violation of 18 U.S.C. § 1591 (a) requires a minimum term of imprisonment of at least ten years and a maximum term of imprisonment of life, pursuant to 18 U.S.C. § 1591 (b) (2) and 18 U.S.C. § 1594 (a). As to Count II, a violation of 18 U.S.C. § 2422 (b) requires a minimum term of imprisonment of ten years and a maximum term of imprisonment of life.

*Application of Statutory Sentencing Factors to the Facts of this Case*

No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose for imposing an appropriate sentence.

In the present case, the following factors should be considered pursuant to Title 18 U.S.C. § 3661 to determine what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

A. **Extraordinary Childhood Experiences.**

As noted in the pretrial report, Louis experienced a significantly difficult childhood. (Paragraph 76). Louis was abandoned by his biological father when he was two years of age. He has no recollection of his father. Louis and his mother initially lived with his grandmother, but his grandmother died six months into the living arrangement. Louis and his mother, again displaced, lived on the streets and were homeless. Eventually, Louis was placed in numerous foster homes. To avoid the abusive environment at the foster homes, Louis lived with friends and relatives. Although his mother attempted to regain custody, she was unable to do so, which eventually left Louis to be placed in additional abusive foster care situations.

Throughout Louis' childhood, and particularly while living with his mother on the streets of Columbia, he witnessed violence on a daily basis. Louis and his mother were in constant fear

of guerillas and drug lords who visited terror and violence on whom they came upon. Eventually, due to the mistreatment at the orphanage, Louis' mother placed him on a coffee plantation, where he was provided food in exchange for collecting firewood. Eventually, Louis' biological mother put him up for adoption and he was adopted by Dorothy and Virgil Cooke in 1988. His adoptive parents brought him to the United States and his has been living in St. Louis, Missouri since 1988. He has made the transition from the streets and barrios of Bucaramanga, Columbia extraordinarily well.

At age nine, Louis again experienced abandonment, as his adoptive parent left the family home and he has had no contact with him since that time. He maintains a loving relationship with his adoptive mother, Dorothy Cooke, and his adoptive sisters and brothers, Ana Papolizi, Dottie Silverman and Brian Cooke. He remains closest to his sister, Ana, and her minor child.

On December 30, 2003, Louis married Jessica Oros. Although Louis and Jessica divorced in April of 2008, the union produced one child, Lukas Cooke. Jessica remarried and Lukas now lives with Jessica and her new husband in South St. Louis County, Missouri; however, Louis maintains a close and loving relationship with Lukas. He meets his financial obligations in paying child support and his son's healthcare benefits. Normally, on Tuesday, which is Louis' day off, he and Lukas spend the day together. Interestingly, Ana's three year old son, Cepriano, often does not go to preschool on Tuesday in order that he may spend the day with Lukas and Louis, especially the many day trips when they go to the Magic House, St. Louis Science Center and The Museum of Transportation.

B. **Lack of Significant Criminal History.**

Louis' criminal conduct has been limited and relatively unremarkable. In August of 2006, Louis damaged a colleague's 2001 Jeep Cherokee by shattering the windows and breaking the windshield wipers. The damage exceeded $750.00 which precipitated a felony charge in the Circuit Court of St. Louis County. Louis pled guilty to the charge and was placed on probation in 2008. The imposition of sentence was suspended and he was placed on five years probation. Louis has completed all the conditions of his probation and has maintained full-time employment. As such, the probation office moved him a minimum supervision case load in October of 2009.

Louis' has been released on bond virtually from the time he was arrested in the instant case. He has been supervised by the Pretrial Release Program and has experienced two minor infractions related to his release. It was determined at the time of his release back in June of 2010, as well as after a finding of guilt by a jury in the instant case, that Louis posed no threat to himself nor to the community and has remained released on bond subsequent to a finding of guilt in this case pending sentencing.

*Title 18 U.S.C. § 3553*

Title 18 U.S.C. § 3553 sets out factors to be considered in imposing sentence states that, "The court shall impose a sentence sufficient, but not greater than necessary to comply with the provisions set forth in paragraph 2 of this subsection." Subsection of 2 of § 3553 states:

(2) The need for the sentence imposed –

(A) to reflect the seriousness of the offenses, to promote, respect for the law and to provide just punishment for the offense;

(B) to afford adequate deterrents to criminal conduct;

>            (C)     to protect the public from further crimes of the
> defendant; and
>
>            (D)     to provide the defendant with the need of education
> or vocational training, medical care or other correctional treatment
> in the most effective way."

### *Conclusion*

Defendant Louis E. Cooke respectfully requests this Honorable Court:

1. Render a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553;

2. Consider mitigating factors pursuant to 18 U.S.C. § 3661 when determining what type and length of sentence is sufficient, but not greater than necessary to satisfy the purposes of sentencing, including, but not limited to, the extraordinary family situation;

3. Sentence Defendant to a term not to exceed ten years;

4. Recommend to the Bureau of Prisons that Defendant be screened for drug and rehabilitation program under 18 U.S.C. § 3621 (e);

5. Recommend to the Bureau of Prisons that Defendant be placed in a facility close to the St. Louis area in order that he may maintain a relationship with his family; and

6. Any and all other measures as the Court deems just and proper to render a sentence sufficient but not disportionate to the offense.

> Respectfully Submitted,
>
> LERITZ, PLUNKERT & BRUNING, P.C.
>
> By:   /s/ *Christopher E. McGraugh*
>        Christopher E. McGraugh, # 36301MO
>        Attorney for Defendant
>        555 Washington Avenue, Suite 600
>        St. Louis, Missouri 63101
>        Telephone:  (314) 231-9600
>        Facsimile:  (314) 231-9480
>        cmcgraugh@leritzlaw.com

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on March 21, 2011, a true and accurate copy of the foregoing was filed electronically with the Court to be served by operation of the Court's electronic filing system upon Noelle C. Collins of the United States Attorney's Office and all other parties of record.

                                                   /s/ Christopher E. McGraugh